IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARDO ALEGRE, On behalf of himself and all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC CENTRAL LOGISTICS, SIMPLY LOGISTICS, INC., XPO LAST MILE, INC., RAY LOPES, ABC CORP., & JANE AND JOHN DOES<br><br>Defendants. | CIVIL ACTION<br><br>No. 2:15-cv-02342-SRC-CLW<br><br><br><br>**ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

SIMPLY LOGISTICS, INC.,

    Third-Party Plaintiff,

v.

ATLAS FREIGHT SERVICES LLC.

    Third-Party Defendant.

**WHEREAS**, this matter having been brought before the Court on a Motion for Final Approval of Proposed Class Action Settlement (the "Motion") by Plaintiff Leonardo Alegre, by and through his legal counsel, Ravi Sattiraju, Esq. of The Sattiraju Law Firm, P.C., requesting that the Court, for purposes of settlement only: (1) grant final approval to the Parties' (Plaintiff and Defendant XPO Last Mile, Inc.) Settlement Agreement and Release of Claims filed with the Court on March 10, 2017 (ECF No. 72-2) ("the Settlement Agreement"); (2) grant final certification of the Settlement Class; (3) authorize notice to the Settlement Class Members; and (4) appoint Class Counsel and the Class Representative; and

WHEREAS, the Court conducted a Final Approval Hearing on the Motion on Thursday, October 5, 2017; and

WHEREAS, the Court has considered the papers submitted in support of the Motion, the preliminary order previously granted, and the Settlement Agreement, and

WHEREAS, good and sufficient cause has been shown for the entry of this Order; therefore

IT IS, ON THIS ____ DAY OF October_____, 2017, HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

**1. The Settlement Agreement.**

The Court finds that the Settlement Agreement has apparent merit, and hereby approves for settlement purposes only the terms thereof subject to any valid and timely objections that may be filed.

**2. Class Findings Pursuant to Fed. R. Civ. P. 23(a) and (b)(3).**

In the context of and for settlement purposes only, the Court finds that the requirements of Rule 23(a) and (b)(3) are met with respect to the proposed Settlement, which, accordingly, warrants certification of the Settlement Class. This finding has no bearing on the propriety of class certification for any other purpose.

**3. Definition of the Settlement Class.**

For settlement purposes only, the Court certifies the following Settlement Class: The Class Representative, Carriers, Secondary Drivers and Helpers who performed delivery services in the State of New Jersey for XPO Last Mile, Inc. or its predecessor companies during the period between January 8, 2009, to March 22, 2017. If any member of the Settlement Class provided

delivery services in the name of a business entity, the business entity shall be considered one and the same as the individual person for all purposes of the Settlement Agreement.

### 4.     Appointment of Settlement Class Representative and Class Counsel.

The Court appoints Plaintiff Leonardo Alegre as Settlement Class Representative and appoints his counsel, Ravi Sattiraju, Esq., of The Sattiraju Law Firm, P.C., 116 Village Boulevard, Suite 200, Princeton, New Jersey 08540, as Class Counsel.

### 5.     Notice Requirements.

In accordance with this Court's Preliminary Order, the Claims Administrator distributed to each Settlement Class Member the Notice of Proposed Class Action Settlement (the "Class Notice") and the Claim Form. The Court finds that the Class Notice complied with Fed. R. Civ. P. 23(c)(2)(B).

### 6.     Allocation Plan.

The Court has reviewed and hereby approves of the following allocation plan agreed to by the Parties, as set forth in the Settlement Agreement:

a) The total settlement amount is $475,000 (the "Settlement Class Fund").

b) Pay an Incentive Payment of $10,000 to Class Representative Leonardo Alegre. He participated actively in filing this litigation, including providing information leading to the filing of the lawsuit, providing discovery responses and attending a deposition.

c) Pay an award to Class Counsel not to exceed forty (40) percent of the Settlement Class Fund for attorneys' fees, litigation expenses and the costs of administering the settlement for a total of $190,000. The remainder of the Settlement Class Fund after payments under Section 2 and 3 will be referred to as the "Net Settlement Amount."

d) From the Net Settlement Amount, totaling $275,000, pay the Class Claimants.

e) The Net Settlement Amount will be allocated as follows: Based on the information provided by XPO LM and responses from the notice of the settlement, Class Counsel will determine the number of Carriers, Secondary Drivers and Helpers, and the dates of service for those individuals ("Settlement Days"). Carriers shall

receive credit for each Settlement Day. For purposes of calculating their respective Individual Settlement Amounts, Secondary Drivers and Helpers shall receive credit for 1/8 of a day for each Settlement Day. Class Counsel shall divide the Net Settlement Amount by the total number of Settlement Days for all Class Claimants in order to establish a dollar amount per Settlement Day (the "Daily Amount"). Each Class Claimant's Individual Settlement Amount shall be calculated by multiplying the Class Claimant's number of Settlement Days by the Daily Amount.

f) The settlement is non-reversionary, meaning that any unclaimed shares will be redistributed to the Class Claimants.

g) Settlement checks that are not cashed, after claims are made, will be paid to the *cy pres* beneficiary: The National Employment Law Project.

## 7. Counsel Fees and Participation Award.

Counsel for the Settlement Class is awarded attorneys' fees and costs in the amount of $190,000, and Plaintiff Leonardo Alegre is awarded a participation award of $10,000 for his efforts in litigating the case (the "Incentive Award").

## 8. Schedule of Payments.

As agreed between the Parties and as preliminarily approved by this Court, the following schedule is granted final approval for the completion of this settlement:

| | |
|---|---|
| Effective Date. | The later of (a) 35 calendar days after the Final Approval Order is entered if no appeal is filed, or (b) upon the final disposition of any and all appeals that have the effect of confirming the Final Approval Order in its entirety. |
| XPO Last Mile, Inc. funds the Settlement Account. | Within fourteen (14) days after the Effective Date. |
| Distribution of Class Counsel Fees and Expenses. | Immediately upon XPO Last Mile, Inc. funding the Settlement Account. |
| Distribution of Incentive Payment to Class Representative. | No later than fourteen (14) days after XPO Last Mile, Inc. funds the Settlement Account. |
| Distribution of Net Individual Settlement Payments. | No later than fourteen (14) days after XPO Last Mile, Inc. funds the Settlement Account. |

| Expiration of uncashed settlement checks. | Ninety (90) days after mailing or remailing and then thirty (30) days after a letter from Class Counsel advising of failure not to cash. |
|---|---|
| Distribution to *Cy Pres*. | Within 150 days after Class Counsel mails the Individual Settlement Amount checks, Class Counsel shall distribute any uncashed checks or remaining funds on a *cy pres* basis to the National Employment Law Project. |

**SO ORDERED:**

_____
HON. KATHY L. WALDOR, U.S.M.J.